IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY NICHOLS : | |
| : | CIVIL ACTION COMPLAINT NO. |
| Plaintiff, : | |
| : | JURY TRIAL OF TWELEVE (12) |
| : | JURORS DEMANDED |
| v. : | |
| : | |
| TRANS UNION LLC : | |
| : | |
| and : | |
| : | |
| EXETER FINANCE LLC : | |
| Defendants : | |
| : | |

## CIVIL ACTION

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. §1681 et seq. (Fair Credit Reporting Act).

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

3. Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claim occurred here since Plaintiff is a citizen of the Commonwealth of Pennsylvania, and their damages occurred here.

## PARTIES

4. Plaintiff is a natural person and a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant, Trans Union, LLC, is a For-Profit Limited Liability Company registered to do business in Pennsylvania and with a registered agent in Pennsylvania. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), and is engaged in the business of

1

assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties. Trans Union's consumer dispute center is located in the Eastern District of Pennsylvania.

6. Defendant, Exeter Finance, LLC, (hereinafter, Exeter Finance) is a Foreign for-profit company registered to do business in Pennsylvania and with a registered agent in Pennsylvania. Defendant is a "furnisher" of information, as defined by 15 U.S.C §1681s(a)&(b), who regularly and in the ordinary course of business furnishes credit information to one or more consumer reporting agencies about consumer transactions. Exeter Finance is a financial institution actively conducting business in Pennsylvania.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

8. Defendants are reporting Plaintiff's Exeter Finance, LLC (Exeter Finance) account # 5741**** on Plaintiff's credit report.

9. Plaintiff's debt with Exeter Finance arose from an auto loan. Exeter Finance closed the account on 05/20/2016, after the account was closed with a zero balance. Plaintiff's payment obligations to Exeter Finance ceased.

10. The trade line was updated to reflect a $0 balance when the account was closed on 05/20/2016.

11. According to Plaintiff's Trans Union credit report dated 02/09/2019, Plaintiff's Exeter Finance account was closed with a $0 balance on or about 05/20/2016. Despite the Exeter Finance account being closed with a $0 balance on or around 05/20/2016, Exeter Finance continued to report an erroneous pay status of "Account 30 Days Past Due Date" for the above listed account

on Plaintiff's Trans Union report dated 02/09/2019. It is both impossible and incorrect for an account that is closed with a "0" balance to still be reporting as 30 Days Past Due Date as of 02/09/2019. Not only is the Exeter Finance account false on the face of the credit report but this reporting is misleading because it makes it look as if Plaintiff is still late on this account that was previously closed with a zero balance. In addition to being inaccurate, this reporting misleads the credit scoring algorithms used by the lending industry and thus lowers credit scores and further damages Plaintiff's creditworthiness and credit reputation.

12. The pay status is a significant data field that represents the current condition of the account. The data field works independently of the other data fields in the reporting tradeline and is critical in maintaining accurate reporting. The account is inaccurately reporting that Plaintiff is currently "30 Days Past Due Date" on an account that has a $0 balance. Plaintiff's financial obligations that were once due to Exeter Finance have ceased. At the time that the account was closed, the account should have been reported with a "Pay Status" data field showing "closed". Instead of reporting the account as currently "30 Days Past Due Date", the correct reporting would have reported the pay status as "closed".  Reporting the account as currently 30 Days Past Due Date appears as if the account is a very recent delinquency, which it is not. Recent delinquencies are more damaging than older delinquencies because they are weighed heavier in determining credit scores. Because the "pay status" acts independently from the other information, the inaccurate reporting of 30 Days Past Due Date is reporting as if Plaintiff is currently late on payments to Exeter Finance even if those late payments are $0. Listing a debt with a $0 balance owed as past due is nonsensical. If no balance is owed, the consumer cannot be late paying the balance, the pay status must report as "closed". By continuing to report a balance, however, lenders

believe that the consumer is currently late, which negatively reflects on consumers' credit repayment history, their financial responsibility as a debtor, and their credit worthiness/reputation.

13.     The computer algorithms used by the lending industry to determine a consumer's credit worthiness will misinterpret the status of Plaintiff's Exeter Finance account as reported by Trans Union and Exeter Finance to be a current past due obligation, thus negatively affecting Plaintiff's credit worthiness.

14.     Plaintiff will provide expert testimony at the appropriate time to demonstrate the negative effects of reporting a historical pay status in the current pay status data field.

15.     Plaintiff disputed the inaccurate late pay status on their Exeter Finance account through a dispute letter sent to Trans Union.

16.     Trans Union did not follow reasonable procedures to assure maximum possible accuracy and has been reporting false and inaccurate information even after they knew or should have known the information was incorrect.

17.     Trans Union did not provide a good faith investigation into the disputed pay status of the Exeter Finance account. Trans Union did nothing more than parrot inaccurate data from Exeter Finance in their investigation.

18.     Exeter Finance did not provide a good faith investigation and failed to modify/correct, delete or block the disputed pay status of the Exeter Finance account.

19.     Based upon information and belief, Trans Union received Plaintiff's dispute and transmitted the dispute to Exeter Finance, triggering the investigation duties for both defendants; however, both defendants failed. Had they conducted a proper investigation, they would have discovered that the reporting of a late pay status for a $0 balance account is nonsensical and wrong. Instead, Trans Union verified the erroneous trade line displaying the late pay status.

20. Exeter Finance continues to report, and Trans Union continues to allow Exeter Finance to report, a pay status indicating that the debt is currently late.

### COUNT I
### TRANS UNION LLC'S VIOLATION OF 15 U.S.C. § 1681e(b) OF THE FAIR CREDIT REPORTING ACT

21. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

22. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

23. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

24. Trans Union negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C § 1681e(b). This is evidenced by the fact that upon information and belief, Trans Union allowed Exeter Finance to report a pay status as actively delinquent despite a $0 balance indicated on the trade line.

25. Trans Union is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy. If Trans Union was complying with 15 U.S.C. §1681e(b), it would place a filter or formula in its reporting system that would suppress or block an account with a zero balance from being reported with a current status of past due or late.

26. Plaintiff's Exeter Finance account was closed with a $0 balance, but Trans Union continues to report the account with a late/past due status. If Trans Union had reasonable procedures, they would not allow an account to report as though the account is currently past due,

with a "$0" balance. This is nonsensical. This account is reporting as though the Plaintiff is currently past due each month. With this type of reporting, Plaintiff will never be able to make their account current. Trans Union lacks the procedures to avoid such faulty reporting. Trans Union knows that this account was paid; however, they continue to report a current status as past due.

27. As a direct and proximate cause of Trans Union's failure to perform its duties under the FCRA, Plaintiff has suffered actual and compensatory damages, mental anguish, humiliation, and embarrassment.

28. Trans Union's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n. In addition to willful, Plaintiff also alleges that Trans Union was negligent, which entitles Plaintiff to recover actual and compensatory damages under 15 U.S.C. § 1681o.

## COUNT II
## TRANS UNION LLC'S VIOLATION OF 15 U.S.C. § 1681i(a)(1)(A) & 15 U.S.C. §1681i(a)(5) OF THE FAIR CREDIT REPORTING ACT

29. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

30. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

31. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

32. Trans Union violated their duty under 15 U.S.C. §1681i(a)(1)(A) & 15 U.S.C. §1681i(a)(5) for failing to conduct a good faith investigation and failing to permanently delete or modify inaccurate information after receiving Plaintiff's dispute. Plaintiff requested that Trans

Union reinvestigate the inaccurate reporting of the current pay status on their Exeter Finance account via detailed and thorough dispute letter specifically disputing the inaccurate current "Pay Status: Account 30 Days Past Due Date".

33. Trans Union did not conduct a good faith and reasonable investigation and failed to permanently delete or modify the inaccurate information after receiving Plaintiff's dispute. If they had, they would have discovered that Exeter Finance was reporting an incorrect historical pay status to them instead of an accurate current pay status. All the information Trans Union needed to determine this was in its own records and files. Trans Union failed in its duties under the Fair Credit Reporting Act and has not conducted its own independent investigation into Plaintiff's dispute of the Exeter Finance account. Trans Union simply parroted data from Exeter Finance. Trans Union did nothing more than regurgitate data from Exeter Finance.

34. The fact that Trans Union is currently reporting inaccurate information on Plaintiff's credit profiles/credit reports to the best of Plaintiff's information and belief, which are viewable and have been viewed by third parties, is proof that Trans Union did not conduct a reasonable investigation. If Trans Union would have thoroughly investigated the issues, they would have determined that the account was closed with a "$0" balance and still reporting as if Plaintiff is currently late and past due. If Trans Union had conducted a reasonable and good faith investigation they would have corrected or deleted the Plaintiff's account that is inaccurate and misleading.

35. As a direct and proximate cause of Trans Union's failure to perform its duties under the FCRA, Plaintiff has suffered actual and compensatory damages, mental anguish, humiliation, and embarrassment.

36. Trans Union's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the jury pursuant

to 15 U.S.C. § 1681n. In addition to willful, Plaintiff also alleges that Trans Union was negligent, which entitles Plaintiff to recover actual and compensatory damages under 15 U.S.C. § 1681o.

## COUNT III
## EXETER FINANCE'S VIOLATION OF 15 U.S.C. § 1681s-2(b) OF THE FAIR CREDIT REPORTING ACT

37. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

38. At all times pertinent hereto, Exeter Finance was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

39. Exeter Finance willfully and negligently supplied Trans Union with information about Plaintiff that was false, misleading, and inaccurate.

40. Exeter Finance willfully and negligently failed to conduct a reasonable investigation of the inaccurate pay status information that Plaintiff disputed. Had Exeter Finance conducted a reasonable investigation, it would have recognized that the reporting of a late pay status on an account with a $0 balance is nonsensical and wrong.

41. Exeter Finance did not provide a good faith and reasonable investigation into the disputed current pay status on the account they reported to Trans Union. Exeter Finance's investigation was unreasonable and lacking because it failed to lead Exeter Finance to correct the inaccurate pay status that they were reporting to Trans Union regarding Plaintiff. A reasonable investigation would have discovered that they should not be reporting the account to Trans Union with a late pay status. If the account had been reasonably and properly investigated, it would have no longer been reported as a current but past due obligation and would have had much less of an impact on Plaintiff's credit worthiness. Instead, the Exeter Finance account is being reported as a current past due obligation monthly, which is inaccurate.

42. Exeter Finance willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

43. As a direct and proximate cause of Exeter Finance failure to perform its duties under the FCRA, Plaintiff has suffered actual and compensatory damages, mental anguish, humiliation, embarrassment, and injury to credit worthiness.

44. Exeter Finance's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n. In addition to willful, Plaintiff also alleges that Exeter Finance was negligent, which entitles Plaintiff to recover actual and compensatory damages under 15 U.S.C. § 1681o.

45. Plaintiff has suffered actual harm due to Trans Union still reporting the negative tradeline provided by Exeter Finance on Plaintiff's Trans Union report even though Trans Union was put on notice of the inaccurate negative reporting through Plaintiff's dispute letter.

46. At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

47. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor against Defendants based on the following requested relief:

a. Actual and compensatory damages pursuant to 15 U.S.C. §1681;

b. Statutory damages pursuant to 15 U.S.C. §1681;

c. Punitive damages pursuant to 15 U.S.C. §1681;

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o; and

e. Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

BY: */s/ Matthew Weisberg*  
MATTHEW B. WEISBERG, ESQ  
WEISBERG LAW  
ATTORNEY FOR PLAINTIFF  
Attorney ID No. 85570  
7 South Morton Ave. 19070  
Morton, PA  
610-690-0801  
Fax: 610-690-0880  
mweisberg@weisberglawoffices.com

BY: */s/ Gary Schafkopf*  
GARY SCHAFKOPF, ESQ  
SCHAFKOPF LAW, LLC  
ATTORNEY FOR PLAINTIFF  
Attorney ID No. 83362  
11 Bala Ave  
Bala Cynwyd, PA 19004  
610-664-5200 Ext 104  
Fax: 888-283-1334  
gary@schaflaw.com

BY: */s/ Dennis McCarty*  
DENNIS McCARTY, ESQ  
McCARTY & RABURN A CONSUMER LAW FIRM, PLLC  
ATTORNEY FOR PLAINTIFF (*Pro Hac Vice* to pend)  
Mississippi Bar No. 102733  
Supreme Court of the United States Bar No. 302174  
Federal Bar No. 993800  
2931 Ridge Rd  
Suite 101 #504  
Rockwall, TX 75032  
817-704-3375  
Fax: 817-887-5069  
dennismccartylaw@gmail.com

DATED: 2-9-2021